**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES E. BUTLER,                                                                PLAINTIFF
ADC #145762

v.                                        5:12CV00295-JLH-JTK

CORIZON, INC., et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the Court on the Motion to Quash Service, filed by Defendant Dr. Roland Anderson (Doc. No. 32).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 37).

Summons originally was issued as to Defendant Anderson on September 7, 2012, but was returned, unexecuted, on October 9, 2012 (Doc. Nos. 6, 11).  The Court then directed the re-issuance of summons on Anderson on October 11, 2012; however, summons was not reissued until April 11, 2013, and was again returned, unexecuted, on June 24, 2013 (Doc. Nos. 12, 23).  The Court then issued a warning order to Plaintiff, pursuant to FED.R.CIV.P. 4(m), providing him one last opportunity in which to provide a current address for Anderson or obtain service (Doc. No. 24). Pursuant to the Plaintiff's response, the Court re-issued summons to Anderson in care of Corizon, Inc., identified by Plaintiff as his employer (Doc. No. 26).  Summons was returned, executed, on July 24, 2013 (Doc. No. 30).

Defendant Anderson now moves to quash that return, stating that an employee of Corizon signed a certified mail receipt directed to "Corizon, Inc." (not Anderson), on July 19, 2013, and that

he was not employed by Corizon at the time.  (Doc. No. 32-1.)  Anderson asks to quash service pursuant to FED.R.CIV.,P. 12(b)(5).

In Response, Plaintiff asks the Court not to quash service, even though Anderson was not employed by Corizon at the time of service.  Plaintiff does not challenge Defendant's assertions concerning the allegedly improper service; rather, he insists on Anderson's involvement in the unconstitutional medical treatment alleged in his complaint.  He also asks the Court to compel Anderson's former counsel to furnish the Court with Anderson's address.

The Court notes that defense counsel did, in the past, furnish the last-known address of Anderson, under seal, but that service was returned, unexecuted (Doc. Nos. 11, 23).  In addition, absent any argument to the contrary by the Plaintiff, the Court finds that the executed summons and service, returned on July 24, 2013, was not proper as to Anderson; therefore, his Motion should be granted.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time....

This Court's June 27, 2013 Order (Doc. No. 24) constituted notification to the Plaintiff, within the meaning of Rule 4, that service should be effected within a specified period of time. Although Plaintiff responded that service of Defendant could be obtained through Corizon, Inc., Defendant's former employer, the Court has now ruled the July 24, 2013 return as ineffective and improper. Therefore, absent notice of another last-known address, the Court finds that Defendant Anderson should be dismissed, without prejudice, for failure to obtain service.    Accordingly,

IT IS, THEREFORE, RECOMMENDED that Defendant Anderson's Motion to Quash (Doc.

No. 32) be GRANTED, and that Defendant Anderson be DISMISSED without prejudice from this action.

IT IS SO RECOMMENDED this 13th day of September, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE